**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**MONROE DIVISION**

| | |
|---|---|
| **KEITH DAVIS** | **CIVIL ACTION NO.:  UNASSIGNED** |
| **VERSUS** | **JUDGE: UNASSIGNED** |
| **JAY RUSSELL, individually and in his official capacity as the Sheriff of the Parish of Ouachita and LIEUTENANT HOLLAND, individually and in his official capacity as a Deputy Sheriff for the Parish of Ouachita** | **MAGISTRATE: UNASSIGNED**<br><br>**JURY TRIAL REQUESTED** |

---

**COMPLAINT FOR DAMAGES**

---

TO THE HONORABLE, THE UNITED STATES DISTRICT COURT IN AND FOR THE WESTERN DISTRICT OF LOUISIANA:

**INTRODUCTION**

This is an action for money damages brought pursuant to 42 U.S.C. § 1983 and 1988, the Eighth and/or Fourteenth Amendments to the United States Constitution and under the laws of Louisiana against Jay Russell, individually and in his official capacity as the Sheriff of the Parish of Ouachita, the employer, controller and supervisor of the staff and officers of Ouachita Parish Sheriff's Office and Lieutenant Holland, individually and in his official capacity as a Deputy Sheriff for the Parish of Ouachita.

**JURISDICTION**

1.

Jurisdiction is founded on 28 U.S.C. § 1331. The plaintiff further invokes jurisdiction of this Honorable Court, under 28 U.S.C. § 1367 to adjudicate claims arising under the Laws of the State of Louisiana including but not limited to Article 2315, et seq, of the Louisiana Civil Code.

**VENUE**

2.

Venue lies in this Court under 28 USC § 1391(b) (2), as the events giving rise to this claim occurred within this judicial district.

**PARTIES**

3.

Complainant, **KEITH DAVIS.** is a person of the full age of majority and a resident of Ouachita Parish, Louisiana.

4.

Made defendants herein are the following:

A. **JAY RUSSELL,** individually and in his official capacity as the duly elected sheriff of the Parish of Ouachita, upon information and belief, the duly elected Sheriff of the Parish of Ouachita, the policy maker for the Ouachita Parish Sheriff's Office, the employer of Ouachita Parish Sheriff Deputies and keeper of the Richwood Correctional Center; and

B. **LIEUTENANT HOLLAND,** individually and in his official capacity as a Lieutenant and a Deputy Sheriff for the Parish of Ouachita, upon information and belief, a Supervisor at the Richwood Correctional Center and an employee of the Ouachita Parish Sheriff.

5.

The right of jury trial is herein requested under the Federal Rules of Civil Procedure.

**FACTS**

6.

At all times relevant hereinafter mentioned, the individual Defendants were personally acting under the color of state law and/or in in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of Louisiana and/or the Parish of Ouachita.

7.

Each and all the acts of the individual Defendants alleged herein were committed by said Defendants while acting within the scope of their employment with the Ouachita Parish Sheriff's Office, and were done knowingly, recklessly, intentionally, wantonly, callously, and/or with deliberate indifference and/or gross negligence.

8.

At all times relevant hereinafter mentioned, JAY RUSSELL was the duly elected Sheriff of the Parish of Ouachita and the final policy maker with regards to the Ouachita Parish Sheriff's Office and the Richwood Correctional Center.

9.

At all times relevant hereinafter mentioned, LIEUTENANT HOLLAND was a supervisor at the Richwood Correctional Center and a Deputy Sheriff for the Parish of Ouachita.

10.

At all times material hereto, on or about the 12th day of September, 2017, Plaintiff, KEITH DAVIS, was incarcerated at the Richwood Correctional Center, located at 180 Pine Bayou Circle; Monroe, Louisiana.

11.

At all times material hereto, Richwood Correctional Center was operated by the Ouachita Parish Sheriff and the supervision of staff assigned to the facility and inmates imprisoned at the facility were within his custody, care, and control.

12.

At all times material hereto, on or about the 12th day of September, 2017, Plaintiff, KEITH DAVIS, went to the kitchen area to have breakfast apparently without wearing proper shoes. Defendant LIEUTENANT HOLLAND, who was on duty in that area of the Richwood Correctional Center, screamed at his face, "Davis no chow for you." Plaintiff replied politely, "Sir, I was never given my property back" in an attempt to explain why he didn't have the proper footwear.

13.

Even though, Plaintiff replied in the most decent and calm manner, Defendant LIEUTENANT HOLLAND, got infuriated and dragged Plaintiff, KEITH DAVIS to the laundry area and forcefully pushed him down and slammed on the hard surface of the laundry floor. LIEUTENANT HOLLAND forcefully brought Plaintiff to his knees and handcuffed him and started kicking, punching and beating him brutally, causing Plaintiff's bruising and swelling to the forehead, lips and eyes of KEITH DAVIS.

14.

Throughout the incident, Plaintiff was complying every order and instruction of Defendant, LIEUTENANT HOLLAND, and did not try to obstruct or repel his actions. Plaintiff was absolutely defenseless against the brutality of LIEUTENANT HOLLAND considering his hands were restrained by handcuffs.

15.

Suddenly another officer of with the rank of Captain walked into the laundry area and seeing the injuries and bruises of Plaintiff, inquired about what was going on there.

16.

Defendant, LIEUTENANT HOLLAND, lied blatantly to the Captain indicating that Plaintiff, KEITH DAVIS, was misbehaving and he was going to return him to his cell.

17.

The Captain took custody of KEITH DAVIS from LIEUTENANT HOLLAND and escorted him to medical room to rinse his eyes and face.

18.

Though the encouter and the injuries sustained were witnessed by numerous employees including ranking officials with the Ouachita Parish Sheriff's Office and the Richwood Correctional Center there weren't any steps taken to investigate and remedy the abuse the plaintiff was subjected to.

19.

Assault and battery, perpetrated against Plaintiff, on 12th day of September, 2017, was not the isolated incident in which Plaintiff was brutalized or misbehaved by Defendant LIEUTENANT HOLLAND. On several occasions in the past, LIEUTENANT HOLLAND had threatened or humiliated Plaintiff about different things.

20.

Plaintiff, personally and through his mother, Tonya Hamilton, complained about the threats to higher authorities on numerous occasions, but no action was taken against errant Defendant, LIEUTENANT HOLLAND, except giving a false assurance of conducting an

investigation which never happened.

21.

Plaintiff's mother, Tonya Hamilton, was also threatened by Defendant LIEUTENANT HOLLAND that she would be arrested on the pretext of threatening Police officer and his family, if she does not stop complaining against the defendant.

22.

In a retaliatory gesture, KEITH DAVIS' visitation at the Richwood Correctional Center with his mother, Tonya Hamilton, were terminated unfairly on the ground of being unruly, so that she could not meet her son or lodge a complaint against the defendant.

23.

In spite of being badly injured, Plaintiff, KEITH DAVIS was never provided any medical assistance.

24.

Although the defendants and other staff of the Ouachita Parish Sheriff's Office and the Richwood Correctional Center were aware of the injuries sustained by KEITH DAVIS they acted with deliberate indifference to his serious medical needs by failing to evaluate and treat his injuries.

25.

The excessive use of force against the Plaintiff was not the first incident which took place at Richwood Correctional Center of this nature. On or about three months prior to the attack on the plaintiff, another prisoner allegedly died for want of medical attention after being subjected to excessive force at the Richwood Correctional Center.

26.

Two other persons also died under mysterious circumstances in the relatively recent past

at the same facility.

27.

Defendant, Sheriff JAY RUSSELL, supervisors and staff assigned to the facility knew or should have known of any violent behaviors of deputies and officers assigned to supervise and direct prisoners at Richwood Correctional Center.

28.

Defendant, LIEUTENANT HOLLAND's action in beating the plaintiff was an improper use of excessive force.

29.

At all times material hereto, Defendant LIEUTENANT HOLLAND was in the course and scope of his employment with Ouachita Parish Sheriff's Office and was acting under the color of law, while employed, controlled, and supervised by Defendant JAY RUSSELL, as the duly elected Sheriff of the Parish of Ouachita.

30.

At all times during the beating incident, Defendant, HOLLAND MAZED, who was working as a lieutenant, was engaged in a personal venture, and let his physical presence, support and authority of his office be known during the said events.

31.

As a direct and proximate result of the assault, Plaintiff, KEITH DAVIS, suffered painful and debilitating injuries, including, but not limited to, his forehead, lips, wrist, eyes and back. His vision is blurred and there is constant back pain since the alleged assault and battery. The injuries requiring medical care and recovery which adversely affected his life and recreational activities, for which he is due damages in amounts reasonable in the premises for the following:

7

a) Use of excessive force in violation of plaintiff's civil rights under 42 USC § 1983

b) Deliberate indifference to the serious medical needs in violation of plaintiff's civil rights under 42 USC § 1983

c) Battery and assault against plaintiff;

d) Intentional infliction of emotional distress;

e) Pain and suffering; past, present and future;

f) Mental anguish and anxiety; past, present and future;

g) Medical bills and expenses; past, present and future;

h) Residual physical and mental impairment; past, present and future;

i) Loss of enjoyment of life and other hedonic damages past, present and future.

j) Punitive damages against the individual defendants, only;

k) Attorney's fees pursuant to 42 U.S.C. § 1988; and

l) Such other acts and omission as will be shown on the trial, all of which were contravention of the exercise of due care, prudence, and the laws of the state of Louisiana and Ouachita Parish which are specially pleaded as if and as though copied in extensor.

32.

The actions of the defendant violated the following, clearly established and well-settled federal and state constitutional rights of KEITH DAVIS to be:

(a) Freedom from the use of excessive and unreasonably justified force against his person; and

(b) Deliberate Indifference to his serious medical needs.

**COUNT ONE:**
**EXCESSIVE USE OF FORCE - 42 U.S.C. § 1983 AND THE EIGTH AND/OR FOURTEENTH AMENDMENT**

33.

Plaintiff incorporates by reference all allegations in the foregoing paragraphs.

34.

Plaintiff, KEITH DAVIS, claims damages for the injuries set forth above under 42 U.S.C. § 1983 against the defendant, JAY RUSSELL, as the employer, controller and supervisor of the staff and officers of Ouachita Parish Sheriff's Office, and LIEUTENANT HOLLAND, as a Deputy Sheriff for the Parish of Ouachita, for violation of his constitutional rights under Color of Law.

**COUNT TWO:**
**CRUEL AND UNUSUAL PUNISHMENT - 42 U.S.C. § 1983 AND THE EIGTH AND/OR FOURTEENTH AMENDMENT**

35.

Plaintiff incorporates by reference all allegations in the foregoing paragraphs.

36.

Plaintiff, KEITH DAVIS, claims damages for the injuries set forth above under 42 U.S.C. § 1983 against the defendant, JAY RUSSELL, as the employer, controller and supervisor of the staff and officers of Ouachita Parish Sheriff's Office, and LIEUTENANT HOLLAND, as a Deputy Sheriff for the Parish of Ouachita, for violation of his constitutional rights under Color of Law.

**COUNT THREE:**
**ASSAULT AND BATTERY AGAINST GOVERNMENT AND INDIVIDUAL DEFENDANT**

37.

Plaintiff incorporates by reference all allegations in the foregoing paragraphs.

9

38.

LIEUTENANT HOLLAND assaulted and battered Alfred Savoy, in violation of Louisiana state law, specifically, La. C.C. art. 2315, et seq.

39.

As a result of the assault and battery, Plaintiff, KEITH DAVIS suffered damages.

40.

At all times material and present, LIEUTENANT HOLLAND was acting within the course and scope of their employment with the Ouachita Parish Sheriff's Office, and therefore, JAY RUSSELL, in his official capacity as the Sheriff of Ouachita Parish and as the employer, controller and supervisor of the staff and officers of the Ouachita Parish Sheriff's Office, is vicariously liable pursuant to Louisiana state law for the assault and battery, committed by its employee.

**COUNT FOUR:**

*Monell* **Liability**

41.

Plaintiff incorporates by reference all allegations in the foregoing paragraphs.

42.

A municipality is liable under 42 U.S.C. § 1983 if the acts that violated a person's right were undertaken pursuant to the municipality's policies and customs.

43.

Defendant, JAY RUSSELL, as the Chief Law Enforcement Officer for the Parish of Ouachita, directly caused the constitutional violations suffered by Plaintiffs, and is liable for the

damages caused as a result of the conduct of the individual Defendants. The conduct of the individual Defendant officers was a direct consequence of the policies and practices of Defendant Sheriff.

44.

At all times relevant in this complaint, direct and proximate cause of the damages and injuries complained of were caused by policies, practices and /or customs developed, implemented, enforced, encouraged, and sanctioned by Defendant Sheriff, including the failure:

1. To adequately supervise and train its officers and agents, including individual Defendants, thereby failing to adequately discourage further constitutional violations on the part of its police officers;

2. To properly and adequately monitor and discipline its officers, including individual Defendants; and

3. To adequately and properly investigate citizen complaints of police misconduct and instead, acts of misconduct were tolerated by the Defendant Sheriff. Defendant Sheriff has acted with deliberate indifference to the constitutional rights of the Plaintiffs. As a direct and proximate result of the acts as stated herein by each of the Defendants, the Plaintiffs' constitutional rights have been violated.

45.

This failure to supervise, discipline, or control its officers demonstrates deliberate indifference to the constitutional rights of the plaintiff and is directly responsible for the individual defendants acting the way they did as outlined in this lawsuit.

46.

Further the de facto unwritten policy, procedure, or custom, described herein, demonstrates deliberate indifference to the constitutional rights of the plaintiff and is directly responsible for the individual defendants acting the way they did as outlined in this complaint.

47.

Defendant Sheriff's supervision of the defendant officers, was deficient as it to relates to use of excessive force and deliberate indifference to the serious medical needs of prisoners. Defendant Sheriff made a deliberately indifferent choice to not provide adequate supervision of these officers to ensure that such actions are not repeated, and that is exactly why this defendant officer was enabled and in fact emboldened to violate the plaintiff's Constitutional rights as outlined herein.

48.

As a proximate result of the unconstitutional acts and omissions of Defendant Sheriff, Plaintiff was harmed and suffered damages for his physical, mental, and emotional injury and pain, mental anguish, humiliation, and embarrassment.

49.

Further, Defendant City has explicit unconstitutional policies including:

a) Use of excessive and unreasonably justified force against his person; and

b) Deliberate Indifference to his serious medical needs of prisoners.

These policies directly caused the harm suffered by the plaintiffs in the instant action.

50.

**WHEREFORE**, plaintiff, KEITH DAVIS, prays that a jury trial be had as to the issues triable by jury;   that compensatory damages to be fixed by a jury against the defendants, individually, jointly and *in solido,* be awarded; that punitive damages to be fixed by a jury against the defendants, in their personal and/or individual capacity be awarded that all costs of this action be assessed against the defendants, individually, jointly and *in solido*; that attorney's fees be awarded herein to plaintiff and that such attorney's fees be assessed against the defendants, individually, jointly and *in solido*; and, for any and all other relief that this Court deems just and proper.

Respectfully submitted:

**L. CLAYTON BURGESS, A P.L.C.**
605 West Congress Street
Lafayette, Louisiana 70502-52 7050150
Telephone:  (337) 234-7573
Facsimile: (337) 233-3890


s/L. Clayton Burgess
**L. CLAYTON BURGESS, T.A.** (22979)
Attorney for Plaintiff