**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

KEITH DAVIS                             CIVIL ACTION NO. 3:18-CV-01205

                                        JUDGE: DOUGHTY

V.                                      MAGISTRATE KAREN HAYES


JAY RUSSELL, ET AL                      JURY TRIAL

**ANSWER TO COMPLAINT FOR DAMAGES AND**
**FIRST SUPPLEMENTAL AND AMENDING PETITION**

**NOW INTO COURT,** through undersigned counsel, comes, THE TOWN OF RICHWOOD,

RICHWOOD CORRECTIONAL CENTER, LLC, AND RAY HANSON, (hereinafter referred to

as "Defendants"), who deny all allegations of the Complaint for Damages and First Supplemental

and Amending Petition, except for those allegations which are admitted, modified, or explained and

who, with respect, represent the following:

**FIRST DEFENSE**

The Complaint and First Supplemental and Amending Petition fails to state a claim upon

which relief may be granted.

**SECOND DEFENSE**

The Complaint and First Supplemental and Amending Petition does not set out federal

subject matter jurisdiction.

**THIRD DEFENSE**

Davis failed to timely and/or properly initiate and/or exhaust the Administrative Remedies

Procedures and/or grievance procedures as to all of his claims.  Accordingly, Davis cannot proceed

with the suit.

1.

All allegations of Paragraph 1 of the Complaint are denied.

2.

All allegations of Paragraph 2 of the Complaint are denied.

3.

All allegations of Paragraph 3 of the Complaint are denied except to admit that Davis is of the full age of majority.

4.

All allegations of Paragraph 4 of the Complaint are denied.

5.

The allegations of Paragraph 5 of the Complaint do not require an answer; however, in an abundance of caution, all allegations are denied  for lack of sufficient information upon which to base a belief.

6.

All allegations of Paragraph 6 of the Complaint are denied.

7.

All  allegations of Paragraph 7 of the Complaint are denied.

8.

All allegations of Paragraph 8 of the Complaint are denied, except to admit that Russell is the Sheriff for Ouachita Parish.

9.

It is admitted that Lt. Holland was a supervisor at Richwood Correctional Center ("RCC"). All other allegations of Paragraph 9 of the Complaint are denied.

10.

It is admitted that on September 12, 2017, Davis was incarcerated at RCC.  All other allegations of Paragraph 10 of the Complaint are denied for  lack of sufficient information upon which to base a belief.

11.

All  allegations of Paragraph 11 of the Complaint are denied.

12.

All allegations of Paragraph 12 of the Complaint are denied for lack of sufficient information upon which to base a belief.

13.

All  allegations of Paragraph 13 of the Complaint are denied.

14.

All allegations of Paragraph 14 of the Complaint are denied.

15.

All allegations of Paragraph 15 of the Complaint are denied.

16.

All  allegations of Paragraph 16 of the Complaint are denied.

17.

All allegations of Paragraph 17 of the Complaint are denied.

18.

All  allegations of Paragraph 18 of the Complaint are denied.

19.

All allegations of Paragraph 19 of the Complaint are denied.

20.

All allegations of Paragraph 20 of the Complaint are denied.

21.

All  allegations of Paragraph 21 of the Complaint are denied.

22.

All allegations of Paragraph 22 of the Complaint are denied.

23.

All  allegations of Paragraph 23 of the Complaint are denied.

24.

All  allegations of Paragraph 24 of the Complaint are denied.

25.

All allegations of Paragraph 25 of the Complaint are denied.

26.

All allegations of Paragraph 26 of the Complaint are denied.

27.

All allegations of Paragraph 27 of the Complaint are denied.

28.

All allegations of Paragraph 28 of the Complaint are denied.

29.

All allegations of Paragraph 29 of the Complaint are denied.

30.

All allegations of Paragraph 30 of the Complaint are denied.

31.

All allegations of Paragraph 31 of the Complaint are denied.

32.

All allegations of Paragraph 32 of the Complaint are denied.

33.

All denials and responses to Paragraphs 1-32 of the Complaint are incorporated herein as though copied in full.  All other allegations of Paragraph 33 of the Complaint are denied.

34.

All allegations of Paragraph 34 of the Complaint are denied.

35.

All denials and responses to Paragraphs 1-34 of the Complaint are incorporated herein as though copied in full. All other allegations of Paragraph 35 of the Complaint are denied.

36.

All allegations of Paragraph 36 of the Complaint are denied.

37.

All denials and responses to Paragraphs 1-36 of the Complaint are incorporated herein as though copied in full. All other allegations of Paragraph 37 of the Complaint are denied.

38.

All allegations of Paragraph 38 of the Complaint are denied.

39.

All  allegations of Paragraph 39 of the Complaint are denied.

40.

All allegations of Paragraph 40 of the Complaint are denied.

41.

All denials and responses to Paragraphs 1-40 of the Complaint are incorporated herein as though copied in full. All other allegations of Paragraph 41 of the Complaint are denied.

42.

All  allegations of Paragraph 42 of the Complaint are denied.

43.

All allegations of Paragraph 43 of the Complaint are denied.

44.

All allegations of Paragraph 44 of the Complaint are denied.

45.

The allegations of Paragraph 45 of the Complaint are denied.

46.

All allegations of Paragraph 46 of the Complaint are denied.

47.

All allegations of Paragraph 47 of the Complaint are denied.

48.

All allegations of Paragraph 48 of the Complaint are denied.

49.

All allegations of Paragraph 49 of the Complaint are denied.

50.

All allegations of Paragraph 50 of the Complaint are denied.

## ANSWER TO FIRST SUPPLEMENTAL AND AMENDING PETITION

The allegations of Paragraph I of the First Supplemental and Amending Petition are denied, except to admit that LaSalle Management Company, LLC, Richwood Correctional Center, LLC, the Town of Richwood, Warden Ray Hanson, and Lieutenant Kenneth Holland have been named as Defendants and that Holland was employed at RCC.

### FOURTH DEFENSE

Defendants aver that Davis' claims made under 42 U.S.C. § 1983, et seq., will be determined to be unfounded and not adequately supported by facts or law; accordingly, pursuant to 42 U.S.C. § 1988, Defendants are entitled to all costs of suit, including reasonable attorneys' fees.

### FIFTH DEFENSE

In the alternative, Defendants aver that Davis' damages, if any, were caused or contributed to by other persons or parties over whom these Defendants exercise no authority, jurisdiction, or control and for whose actions they are not legally responsible.

### SIXTH DEFENSE

Defendants aver that, at all times herein, their actions were reasonable, justified, and legally permissible under the circumstances.

### SEVENTH DEFENSE

Defendants aver that all of Davis' claims and causes of action are prescribed.

### EIGHTH DEFENSE

All Defendants' actions were reasonable under the circumstances, and were not taken with the knowledge that the actions were unconstitutional; thus, all individual Defendants are entitled to good faith immunity and/or defense.

**NINTH DEFENSE**

All individual Defendants plead that they are entitled to qualified immunity under federal and state law. (See Richardson v. McKnight, 521 U.S. 399, 117 S.Ct. 2100, 138 L. Ed.2d 540 (1997), and dissent of Justice Scalia, Filansky v. Delia, 566 U.S. 377, 132 S.Ct. 1657, 182 L.Ed.2d 662 (2012) and, Saenz v. G4S Secure Solutions, 224 F.Supp 3d 477 (W.D. Tex 12/20/16)).

**TENTH DEFENSE**

Defendants plead the sole and proximate cause of the incident were the actions of Davis, as evidenced by his failure to follow verbal commands and his resistance to the lawful actions of all Defendants.

**ELEVENTH DEFENSE**

Defendants plead that all injuries complained of by Davis were caused or contributed to by his own actions, fault and/or negligence. These actions, negligence and/or fault are superseding, intervening causes of any injuries and operate to bar or reduce any recovery by the percentage of fault and/or negligence of Davis.

**TWELVETH  DEFENSE**

Defendants plead that Davis was the aggressor in the incident, assumed the risks, and was the sole cause, or, in the alternative, was a contributing cause of any injuries and that all recovery by Davis should be barred or reduced by his percentage of fault.

**THIRTEENTH  DEFENSE**

Defendants plead that any force used upon Davis was not willful or wanton, was  reasonable and necessary under the circumstances, and was not to punish or needlessly inflict pain.

WHEREFORE, Defendants, THE TOWN OF RICHWOOD, RICHWOOD CORRECTIONAL CENTER, LLC, AND RAY HANSON, pray that:

(1)    This Answer be deemed good and sufficient;

(2)    After due proceedings are had, there be judgment herein dismissing plaintiff's claims, at his costs;

(3)    For all costs herein, including reasonable attorneys' fees;

(4)    Any Judgment rendered herein be reduced by the fault of all third parties;

(5)    That plaintiff's claims be declared frivolous; and

(6)    For all other just, general and equitable relief.

Respectfully Submitted:

**PROVOSTY, SADLER & deLAUNAY, APC**

By:/s/ H. Bradford Calvit
H. BRADFORD CALVIT (#18158)
bcalvit@provosty.com
ELI J. MEAUX (#33981)
emeaux@provosty.com
934 Third Street, Suite 800 (71301)
P.O. Box 13530
Alexandria, LA 71315-3530
P: 318/767-3133   F: 318/767-9650
ATTORNEYS FOR DEFENDANTS,
THE TOWN OF RICHWOOD,
RICHWOOD CORRECTIONAL CENTER, LLC,
AND RAY HANSON

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 2ND day of July, 2019, I electronically filed the foregoing Answer to Complaint and First Supplemental and amending Petition with the Clerk of Court using the CM/ECF system, which will send notice of electronic filing to the following:

| | |
|---|---|
| L. Clayton Burgess<br>Law Office of L. Clayton Burgess<br>605 W. Congress St.<br>Lafayette, LA 70501<br>P: 337-234-7573  F: 337-233-3890<br>Email: elizabeth.avant@clayburgess.com<br>*Attorneys For Plaintiff,*<br>*Keith Davis* | James Bryan Mullaly<br>Usry & Weeks (NO)<br>1615 Poydras St Ste 1250<br>New Orleans, LA 70112<br>P: 504-592-4600   Fax: 504-592-4641<br>Email: jmullaly@usryweeks.com<br>*Attorneys For Defendant,*<br>*Kenneth Holland* |

I further certify that I have forwarded the foregoing document via first-class mail to the following non-CM/ECF participant: None.

/s/ H. Bradford Calvit
H. BRADFORD CALVIT