**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

| | |
|---|---|
| **KEITH DAVIS** | **CIVIL ACTION NO. 3:18-CV-01205** |
| **V.** | **JUDGE: DOUGHTY** |
| | **MAGISTRATE JUDGE KAREN HAYES** |
| **JAY RUSSELL, ET AL** | |
| | **JURY TRIAL** |

### RESPONSE TO ORDER TO SHOW CAUSE ORDER [DOC. 27]

**NOW INTO COURT,** through undersigned counsel, comes, THE TOWN OF RICHWOOD,

RICHWOOD CORRECTIONAL CENTER, LLC, AND RAY HANSON, (hereinafter referred to

as "Defendants"), who submit the following Response to Order to Show Cause.  [Doc. 27].

### I.  INTRODUCTION

On September 12, 2018, Davis filed his Complaint against Jay Russell, in his official capacity

as Sheriff of Ouachita Parish, and Lieutenant Holland, individually and in his official capacity as a

deputy for the Sheriff of Ouachita Parish.  Davis alleged that on September 12, 2017, Holland used

excessive force against him, and that Holland had engaged in other behaviors seeking to threaten or

humiliate Davis.  Davis further alleged that the Sheriff, Holland, and other staff at the Richwood

Correctional Center acted with deliberate indifference when they allegedly failed to provide him with

adequate medical treatment.  Davis sought damages under several theories emanating from those

allegations.

The Defendants herein only came into the case after Davis filed his Amended Complaint on

June 3, 2019. [Doc. 18].  Davis' Amended Complaint amended Paragraph 4 of his initial Complaint

to add as defendants, LaSalle Management Company, L.L.C., Richwood Correctional Center, L.L.C., Town of Richwood, Warden Ray Hanson, and Lieutenant Kenneth Holland. Davis now alleges that Holland was an employee of Richwood Correctional Center rather than a deputy for the Sheriff of Ouachita Parish. Davis further dismissed his claims against Sheriff Russell and asked that:

> any and all paragraphs that refer to Lieutenant Kenneth Holland . . . as an employee of the Parish of Ouachita are hereby amended to only include him as a Supervisor and employee at LaSalle Management Company, L.L.C. and the Richwood Correctional Center, L.L.C., and **not** as an employee in his official capacity as a Deputy Sheriff for the Sheriff of the Parish of Ouachita.

Service of the Amended Complaint was made on Ray Hanson, the Town of Richwood, and Richwood Correctional Center, L.L.C. [Docs. 20-23]. On July 2, 2019 Ray Hanson, the Town of Richwood, and Richwood Correctional Center, L.L.C. filed their Answer to Complaint for Damages and First Supplemental and Amending Petition. [Doc. 24]. The Court's Civil Case Management Order was filed on July 9, 2019. [Doc. 25]. Therein the Court ordered that:

> the attorneys shall meet in person or by telephone no later than July 29, 2019the attorneys shall meet in person or by telephone no later than July 29, 2019 (21 days before the scheduling order is due under Fed. R. Civ. P. 16(b)). The purpose of the meeting is to develop a case management plan and discuss the issues listed in Fed. R. Civ. P. 26(f) (as amended December 1, 2000). Within 7 calendar days after the meeting, the parties must (1) file the case management plan in the format available on Judge Doughty's forms page at www.lawd.uscourts.gov and (2) exchange the initial disclosures required by Fed. R. Civ. P. 26(a).

While counsel for Defendants calendared the deadline set forth by the Court's Order, the required conference was not held. Through misunderstanding and inadvertence counsel believed that the conference was to be initiated by Plaintiff's counsel and accordingly did not initiate it themselves.

On September 17, 2019 the Court issued an Order noting that the Case Management Order was issued on July 9, 2019 and that the required Case Management Report had not been filed. [Doc.

26].  The Court ordered the parties to comply with the Case Management Order within five days.

On September 20, 2019 the Court issued an Order requiring the parties to show cause within fourteen

days why they should not be sanctioned for failing to comply with the Case Management Order, and

also ordering the parties to file their Case Management Report immediately. [Doc. 27].  The parties

met via telephone on September 20, 2019 and filed their Case Management Report that same day.

[Doc. 28].

## II.  ARGUMENT

The following from Ozmun v. Portfolio Recovery Assocs., LLC, No. A-16-CA-940-SS, 2018

WL 912286, at *2 (W.D. Tex. Feb. 15, 2018), sets out current Fifth Circuit jurisprudence on civil

contempt:

> "[C]ourts have inherent power to enforce compliance with their lawful orders through civil contempt." Spallone v. United States, 493 U.S. 265, 276 (1990) (citations omitted); In re Bradley, 588 F.3d 254, 265 (5th Cir. 2009) (noting that "while the criminal contempt power is limited by 18 U.S.C. § 401, civil contempt remains a creature of inherent power"). Civil contempt is intended to "coerce the contemnor into compliance with a court order or to compensate another party for the contemnor's violation...." Id. at 263. However, "in selecting contempt sanctions, a court is obliged to use the least possible power adequate to the end proposed." Spallone, 493 U.S. at 276 (citation and internal quotation marks omitted).
>
> To establish civil contempt, "[a] movant in a civil contempt proceeding bears the burden of establishing by clear and convincing evidence 1) that a court order was in effect, 2) that the order required certain conduct by the respondent, and 3) that the respondent failed to comply with the court's order." Whitcraft v. Brown, 570 F.3d 268, 271–72 (5th Cir. 2009). "To determine compliance with an order, the court simply asks whether the respondent has [complied]. If he has not, the burden shifts to the respondent to rebut this conclusion, demonstrate an inability to comply, or present other relevant defenses." F.D.I.C. v. LeGrand, 43 F.3d 163, 170 (5th Cir. 1993) (citations omitted).

<u>Ozmun v. Portfolio Recovery Assocs., LLC</u>, No. A-16-CA-940-SS,
2018 WL 912286, at \*2 (W.D. Tex. Feb. 15, 2018).

In their defense, these Defendants first wish to apologize to the Court for their failure to abide by the Court's Case Management Order.  The Defendants do not deny that the deadline for meeting with all other parties to formulate a Case Management Order and the deadline to file said Order both passed with no action taken by the parties.  The Defendants will endeavor to prevent such mistakes in the future.  Second, there was some confusion among the parties concerning the status of named defendant Kenneth Holland which led to confusion over what his role should be in the conference.  Third, the Defendants would argue that because sanctions for contempt are meant to, "coerce the contemnor into compliance with a court order or to compensate another party for the contemnor's violation" <u>In re Bradley</u>, 588 F.3d 254, 265 (5th Cir. 2009), and because "in selecting contempt sanctions, a court is obliged to use the least possible power adequate to the end proposed" <u>Spallone v. United States</u>, 493 U.S. 265, 276 (1990), any sanction here should be minimal.  Upon receiving the Court's Order regarding potential contempt, the parties met immediately and remedied their error the same day.  No one gained an advantage in the litigation or suffered any prejudice because all parties failed to follow the Court's Order.  As such, the goals of civil contempt–compliance and compensation–have either already been fulfilled–compliance–or are unnecessary as all parties were on the same footing–compensation.  The Defendants would ask that the Court consider these factors when determining what sanctions, if any, are warranted for the parties' failure to comply with the Court's Case Management Order.

**III.  CONCLUSION**

For the reasons detailed above, the Defendants would again ask that the Court exercise its

discretion and stay its hand here.  While the parties failed to comply with an Order of the Court, their

failure has been rectified and mitigated as the Case Management Report has been filed.

Respectfully Submitted:

**PROVOSTY, SADLER & deLAUNAY, APC**

By:/s/ H. Bradford Calvit
H. BRADFORD CALVIT (#18158)
bcalvit@provosty.com
ELI J. MEAUX (#33981)
emeaux@provosty.com
934 Third Street, Suite 800 (71301)
P.O. Box 13530
Alexandria, LA 71315-3530
P: 318/767-3133   F: 318/767-9588
ATTORNEYS FOR DEFENDANTS,
THE TOWN OF RICHWOOD,
RICHWOOD CORRECTIONAL CENTER, LLC,
AND RAY HANSON

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 4th day of October, 2019, I electronically filed the foregoing RESPONSE TO ORDER TO SHOW CAUSE ORDER [DOC. 27] with the Clerk of Court using the CM/ECF system, which will send notice of electronic filing to the following:

| L. Clayton Burgess | James Bryan Mullaly |
|---|---|
| Law Office of L. Clayton Burgess | Usry & Weeks (NO) |
| 605 W. Congress St. | 1615 Poydras St Ste 1250 |
| Lafayette, LA 70501 | New Orleans, LA 70112 |
| P: 337-234-7573   F: 337-233-3890 | P: 504-592-4600   Fax: 504-592-4641 |
| Email: elizabeth.avant@clayburgess.com | Email: jmullaly@usryweeks.com |
| *Attorneys For Plaintiff, Keith Davis* | *Attorneys For Defendant, Kenneth Holland* |

I further certify that I have forwarded the foregoing document via first-class mail to the following non-CM/ECF participant: None.

/s/ H. Bradford Calvit
H. BRADFORD CALVIT