## UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

## MONROE DIVISION

| | |
|---|---|
| **KEITH DAVIS** | **CIVIL ACTION NO.: 3:18-cv-01205** |
| **VERSUS** | **JUDGE: DOUGHTY** |
| **JAY RUSSELL, individually and in his official capacity as the Sheriff of the Parish of Ouachita and LIEUTENANT HOLLAND, individually and in his official capacity as a Deputy Sheriff for the Parish of Ouachita** | **MAGISTRATE: KAREN HAYES** |
| | **JURY TRIAL REQUEST** |

## RESPONSE TO ORDER TO SHOW CAUSE

NOW INTO COURT, comes undersigned counsel, comes Complainant, Keith Davis, who submits the following Response to Order to Show Cause, [Doc. 27].

### I. **INTRODUCTION**

On September 12, 2018, Davis filed his Complaint against Jay Russell, in his official capacity as Sheriff of Ouachita Parish, and Lieutenant Holland, individually and in his official capacity as a deputy for the Sheriff of Ouachita Parish. Davis alleged that on September 12, 2019, Holland used excessive force against him, and that Holland had engaged in other behaviors seeking to threaten or humiliate Davis. Davis further alleged that the Sheriff, Holland, and other staff at the Richwood Correctional Center acted with deliberate indifference when they allegedly failed to provide him with adequate medical treatment. Davis sought damages under several theories emanating from those allegations.

Plaintiff amended his Petition on June 3, 2019 after notice from Defendants' counsel that he would be representing LaSalle Management Company, LLC, Richwood Correctional Center, Town

of Richwood, Warden Ray Hanson and Lieutenant Kenneth Holland. Plaintiff dismissed Jay Russel

individually and in his official capacity as the Sheriff of Ouachita Parish. It is Plaintiff's belief and

understanding that Lieutenant Kenneth Holland was an employee of Richwood Correctional Center,

not the Sheriff of Ouachita Parish, and re-iterated in the Amended Complaint,

> "any and all paragraphs that refer to Lieutenant Kenneth Holland…as an employee of the Parish of Ouachita are hereby amended to only include him as a Supervisor and employee of Lasaall Management Company, LLC and the Richwood Correctional Center, LLC, and **not** as an employee in his official capacity as a Deputy Sheriff for the Sheriff of the Parish of Ouachita."

Service of the Amended Complaint was made on Ray Hanson, the Town of Richwood, and

Richwood Correctional Center, LLC [Doc. 20-23] On July 2, 2019, Ray Hanson, the Town of

Richwood, and Richwood Correctional Center, LLC filed their Answer to Complaint for Damages

and First Supplemental and Amending Petition [Doc. 24]. The Court's Civil Case Management

Order was filed on July 9, 2019.

> "the attorneys shall meet in person or by telephone no later than July 29, 2019, (21 days before the scheduling order is due under Fed. R. Civ. P. 16(b)). The purpose of the meeting is to develop a case management plan and discuss the issues listed in Fed. R. Civ. P. 26(f) (as amended December 1, 2000). Within 7 calendar days after t he meeting, the parties must (1) file the case management plan in the format available on Judge Doughty's forms page at www.lawd.uscourts.gov and (2) exchange the initial disclosures required by Fed. R. Civ. P. 26(a)."

While counsel for Plaintiffs calendared the deadline set forth by the Court's Order, the

required conference was not held. Through misunderstanding and inadvertence counsel was not

aware of who would be representing the defendants, and when undersigned did not make the call, no

parties initiated or requested the call.

On September 17, 2019, the Court issued an Order noting that the Case Management Order

was issued on July 9, 2019, and that the required Case Management Report had not been filed. The

Court ordered the parties to comply with the Case Management Order within five days. On

September 20, 2019, the Court issued an Order requiring the parties to show cause within fourteen

days why they should not be sanctioned for failing to comply with the Case Management Order, and

also ordering the parties to file their Case Management Report immediately. The partied met via

telephone on September 20, 2019 and filed their Case Management Report that same day. Further,

On October 3, 2019, all counsel for parties once again met telephonically to discuss the issues at

hand, and the employment of Defendant, Lieutenant Kenneth Holland, which has yet to be firmly

determined.

## II. ARGUMENT

The following from *Ozmun v. Portfolio Recovery Assocs. LLC,* No. A-160CA0940 SS, 2018

WL 912286, at *2 (WD Tex. Feb. 15, 2018), sets out current Fifth Circuit jurisprudence on civil

contempt:

> [C]ourts have inherent power to enforce compliance with their lawful orders through civil contempt." Spallone v. United States, 493 U.S. 265, 276(1990) (citations omitted); IN re Bradley, 588 F.3d 254, 265 (5th Cir. 2009) (noting that "while the criminal contempt power is limited by 18 U.S.C. 401, civil contempt remains a creature of inherent power"). Civil contempt is intended to "coerce the contemnor into compliance with a court order or to compensate another party for the contemnor's violation…"Id. At 263. However, ín selecting contempt sanctions, a court is obiged to use the lease possible power adequate to the end proposed." Spallone, 493 U.S. at 276 (citation and internal quotation marks omitted.)
>
> To establish civil contempt, "[a] movant in a civil contempt proceeding bears the burden of establishing by clear and convincing evidence 1) that a court order was in effect, 2) that the order required certain conduct by the respondent, and 3) that the respondent failed to comply with the court's order". Whitcraft v. Brown, 570, F. 3d 268, 271-72 (5th Cir. 2009). "To determine compliance with an order, the court simply asks whether the respondent has [complied]. If he has not, the burden shifts to the respondent to rebut this conclusion, demonstrate an inability to comply, or present other relevant defenses". F.D.I.C. v LeGrand, 43 F.3d 163, 170 (5th Cir. 1993) (citations omitted). *Ozmun v. Portfolio Recovery Assocs., LLC* No A-16-CA-940-SS, 2018 WL 912286, at *2 (W.D. Tex. Feb 15, 2018).

In their defense, this Plaintiff deeply apologizes to this Honorable Court for their failure to

abide by the Court's Case Management Order that was in place. Moreover, the Plaintiff does not

deny that the deadline for meeting with all other parties to formulate a Case Management Order and the deadline to file said Order both passed with no action taken by the parties. Further, Plaintiff will not proceed with any other related conduct and will vow to prevent such mistakes and misunderstandings in the future.

Second, there was some confusion among the parties concerning the status of named Defendant Kenneth Holland which led to confusion over what his role should be in the conference. Moreover, to date, counsel for Defendant Kenneth Holland has yet to file an answer on his behalf. It is Plaintiff's understanding that Mr. Mullaly (Defendant's counsel) did not believe he was involved in the case any longer, and therefore had not answered the complaint. Due to this confusion, Plaintiff, in accordance with procedural rules, was uncertain on how to proceed against a potentially unrepresented client involved in the present litigation.

Thirdly, the Plaintiff would argue that because sanctions for contempt are meant to "coerce the contemnor into compliance with a Court order or to compensate another party for the contemnors violation", and because "in selecting contempt sanctions, a court is obliged to use the least possible power adequate to the end proposed", any sanction here should be minimal. Upon receiving the Court's Order regarding potential contempt, the parties met immediately and remedied their error the same day. Moreover, no one gained an advantage in the litigation or suffered any prejudice because all parties failed to follow the Court's order. As such, the goals of civil contempt-compliance and compensation – have either already been fulfilled – compliance – or are unnecessary as all parties were on the same footing – compensation. The Plaintiff would ask the Court to consider these factors when determining what sanctions, if any, are warranted for the parties' failure to comply with the Court's Case Management Order.

### III. CONCLUSION

Based on the aforementioned, Plaintiff respectfully requests that this Honorable Court would not exercise or pursue further action regarding sanctionable conduct and would stay its hand here. Moreover, to reiterate, Plaintiff's counsel would apologize to this Honorable Court for the lack of status report regarding the issues of representation prior to the Rule 26f Report deadline and moving forward will have no further scheduling issues.

Respectfully submitted:

**L. CLAYTON BURGESS, A P.L.C.**
605 West Congress Street
Lafayette, Louisiana 70501
Telephone: (337) 234-7573
Facsimile: (337) 233-3890

S/ L. Clayton Burgess
**L. CLAYTON BURGESS** (22979)
Attorney for Plaintiff