**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

| | |
|---|---|
| **KEITH DAVIS** | **CIVIL ACTION NO. 3:18-CV-01205** |
| | **JUDGE: DOUGHTY** |
| **V.** | **MAGISTRATE KAREN HAYES** |
| **JAY RUSSELL, ET AL** | **JURY TRIAL** |

### ANSWER TO COMPLAINT FOR DAMAGES AND
### FIRST SUPPLEMENTAL AND AMENDING PETITION

**NOW INTO COURT,** through undersigned counsel, comes, KENNETH HOLLAND, (hereinafter referred to as "Defendant"), who denies all allegations of the Complaint for Damages and First Supplemental and Amending Petition, except for those allegations which are admitted, modified, or explained and who, with respect, represent the following:

### FIRST DEFENSE

The Complaint and First Supplemental and Amending Petition fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

The Complaint and First Supplemental and Amending Petition does not set out federal subject matter jurisdiction.

### THIRD DEFENSE

Davis failed to timely and/or properly initiate and/or exhaust the Administrative Remedies Procedures and/or grievance procedures as to all of his claims. Accordingly, Davis cannot proceed with the suit.

1.

All allegations of Paragraph 1 of the Complaint are denied.

2.

All allegations of Paragraph 2 of the Complaint are denied.

3.

All allegations of Paragraph 3 of the Complaint are denied except to admit that Davis is of the full age of majority.

4.

All allegations of Paragraph 4 of the Complaint are denied.

5.

The allegations of Paragraph 5 of the Complaint do not require an answer; however, in an abundance of caution, all allegations are denied for lack of sufficient information upon which to base a belief.

6.

All allegations of Paragraph 6 of the Complaint are denied.

7.

All allegations of Paragraph 7 of the Complaint are denied.

8.

All allegations of Paragraph 8 of the Complaint are denied, except to admit that Russell is the Sheriff for Ouachita Parish.

9.

It is admitted that Holland was a supervisor at Richwood Correctional Center ("RCC").  All other allegations of Paragraph 9 of the Complaint are denied.

10.

It is admitted that on September 12, 2017, Davis was incarcerated at RCC. All other allegations of Paragraph 10 of the Complaint are denied for lack of sufficient information upon which to base a belief.

11.

All allegations of Paragraph 11 of the Complaint are denied.

12.

All allegations of Paragraph 12 of the Complaint are denied for lack of sufficient information upon which to base a belief.

13.

All allegations of Paragraph 13 of the Complaint are denied.

14.

All allegations of Paragraph 14 of the Complaint are denied.

15.

All allegations of Paragraph 15 of the Complaint are denied.

16.

All allegations of Paragraph 16 of the Complaint are denied.

17.

All allegations of Paragraph 17 of the Complaint are denied.

18.

All allegations of Paragraph 18 of the Complaint are denied.

19.

All allegations of Paragraph 19 of the Complaint are denied.

20.

All allegations of Paragraph 20 of the Complaint are denied.

21.

All  allegations of Paragraph 21 of the Complaint are denied.

22.

All allegations of Paragraph 22 of the Complaint are denied.

23.

All  allegations of Paragraph 23 of the Complaint are denied.

24.

All  allegations of Paragraph 24 of the Complaint are denied.

25.

All allegations of Paragraph 25 of the Complaint are denied.

26.

All allegations of Paragraph 26 of the Complaint are denied.

27.

All allegations of Paragraph 27 of the Complaint are denied.

28.

All allegations of Paragraph 28 of the Complaint are denied.

29.

All allegations of Paragraph 29 of the Complaint are denied.

30.

All allegations of Paragraph 30 of the Complaint are denied.

31.

All allegations of Paragraph 31 of the Complaint are denied.

32.

All allegations of Paragraph 32 of the Complaint are denied.

33.

All denials and responses to Paragraphs 1-32 of the Complaint are incorporated herein as though copied in full.  All other allegations of Paragraph 33 of the Complaint are denied.

34.

All allegations of Paragraph 34 of the Complaint are denied.

35.

All denials and responses to Paragraphs 1-34 of the Complaint are incorporated herein as though copied in full. All other allegations of Paragraph 35 of the Complaint are denied.

36.

All allegations of Paragraph 36 of the Complaint are denied.

37.

All denials and responses to Paragraphs 1-36 of the Complaint are incorporated herein as though copied in full. All other allegations of Paragraph 37 of the Complaint are denied.

38.

All allegations of Paragraph 38 of the Complaint are denied.

39.

All  allegations of Paragraph 39 of the Complaint are denied.

40.

All allegations of Paragraph 40 of the Complaint are denied.

41.

All denials and responses to Paragraphs 1-40 of the Complaint are incorporated herein as though copied in full. All other allegations of Paragraph 41 of the Complaint are denied.

42.

All  allegations of Paragraph 42 of the Complaint are denied.

43.

All allegations of Paragraph 43 of the Complaint are denied.

44.

All allegations of Paragraph 44 of the Complaint are denied.

45.

The allegations of Paragraph 45 of the Complaint are denied.

46.

All allegations of Paragraph 46 of the Complaint are denied.

47.

All allegations of Paragraph 47 of the Complaint are denied.

48.

All allegations of Paragraph 48 of the Complaint are denied.

49.

All allegations of Paragraph 49 of the Complaint are denied.

50.

All allegations of Paragraph 50 of the Complaint are denied.

**ANSWER TO FIRST SUPPLEMENTAL AND AMENDING PETITION**

The allegations of Paragraph I of the First Supplemental and Amending Petition are denied, except to admit that LaSalle Management Company, LLC, Richwood Correctional Center, LLC, the Town of Richwood, Warden Ray Hanson, and Lieutenant Kenneth Holland have been named as Defendants and that Holland was employed at RCC.

**FOURTH DEFENSE**

Defendant avers that Davis' claims made under 42 U.S.C. § 1983, et seq., will be determined to be unfounded and not adequately supported by facts or law; accordingly, pursuant to 42 U.S.C. § 1988, Defendant is entitled to all costs of suit, including reasonable attorneys' fees.

**FIFTH DEFENSE**

In the alternative, Defendant avers that Davis' damages, if any, were caused or contributed to by other persons or parties over whom Defendant exercises no authority, jurisdiction, or control and for whose actions he is not legally responsible.

**SIXTH DEFENSE**

Defendant avers that, at all times herein, his actions were reasonable, justified, and legally permissible under the circumstances.

**SEVENTH DEFENSE**

Defendant avers that all of Davis' claims and causes of action are prescribed.

**EIGHTH DEFENSE**

Defendant's actions were reasonable under the circumstances, and were not taken with the knowledge that the actions were unconstitutional; thus, Defendant is entitled to good faith immunity and/or defense.

**NINTH DEFENSE**

Defendant pleads that he is entitled to qualified immunity under federal and state law.  (See Richardson v. McKnight, 521 U.S. 399, 117 S.Ct. 2100, 138 L. Ed.2d 540 (1997), and dissent of Justice Scalia, Filansky v. Delia, 566 U.S. 377, 132 S.Ct. 1657, 182 L.Ed.2d 662 (2012) and, Saenz v. G4S Secure Solutions, 224 F.Supp 3d 477 (W.D. Tex 12/20/16)).

**TENTH DEFENSE**

Defendant pleads the sole and proximate cause of the incident were the actions of Davis, as evidenced by his failure to follow verbal commands and his resistance to the lawful actions of Defendant.

**ELEVENTH DEFENSE**

Defendant pleads that all injuries complained of by Davis were caused or contributed to by his own actions, fault and/or negligence.  These actions, negligence and/or fault are superseding, intervening causes of any injuries and operate to bar or reduce any recovery by the percentage of fault and/or negligence of Davis.

**TWELFTH  DEFENSE**

Defendant pleads that Davis was the aggressor in the incident, assumed the risks, and was the sole cause, or, in the alternative, was a contributing cause of any injuries and that all recovery by Davis should be barred or reduced by his percentage of fault.

**THIRTEENTH  DEFENSE**

Defendant pleads that any force used upon Davis was not willful or wanton, was  reasonable and necessary under the circumstances, and was not to punish or needlessly inflict pain.

WHEREFORE, Defendant, KENNETH HOLLAND, prays that:

(1)     This Answer be deemed good and sufficient;

(2)     After due proceedings are had, there be judgment herein dismissing plaintiff's claims, at his costs;

(3)     For all costs herein, including reasonable attorneys' fees;

(4)     Any Judgment rendered herein be reduced by the fault of plaintiff;

(5)     That plaintiff's claims be declared frivolous; and

(6)     For all other just, general and equitable relief.


Respectfully Submitted:

**PROVOSTY, SADLER & deLAUNAY, APC**

By:/s/ H. Bradford Calvit
H. BRADFORD CALVIT (#18158)
bcalvit@provosty.com
ELI J. MEAUX (#33981)
emeaux@provosty.com
934 Third Street, Suite 800 (71301)
P.O. Box 13530
Alexandria, LA 71315-3530
P: 318/767-3133   F: 318/767-9650
ATTORNEYS FOR DEFENDANT,
KENNETH HOLLAND

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 13th day of April, 2020, I electronically filed the foregoing ANSWER TO COMPLAINT FOR DAMAGES AND FIRST SUPPLEMENTAL AND AMENDING PETITION with the Clerk of Court using the CM/ECF system, which will send notice of electronic filing to the following:

L. Clayton Burgess
Law Office of L. Clayton Burgess
605 W. Congress St.
Lafayette, LA 70501
P: 337-234-7573   F: 337-233-3890
Email: elizabeth.avant@clayburgess.com
*Attorneys For Plaintiff,*
*Keith Davis*

I further certify that I have forwarded the foregoing document via first-class mail to the following non-CM/ECF participant: None.

/s/ H. Bradford Calvit
H. BRADFORD CALVIT